IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita L. Weinshienk

Civil Action No.  04-cv-0977-ZLW-MEH

RICHARD STANLEY ROOT,

    Plaintiff,

v.

BILL OWENS
JOSEPH ORTIZ
GARY WATKINS
BARNEY BAUER,
ALAN MILBURN,
ANTHONY A. DeCESARO, and
LCF MEDICAL DEPARTMENT PERSONNEL,

    Defendants.

_____

ORDER OF DISMISSAL AS TO CERTAIN DEFENDANTS
_____

The matters before the Court are: (1) Defendant DeCesaro's Motion For Summary Judgement Or In The Alternative Motion To Dismiss Complaint (Doc. No. 35), (2) the Motion To Dismiss Defendant Owens Pursuant To Fed. R. Civ. P. 12(b)(6) (Doc. No. 44), and (3) Defendants Ortiz, Watkins, And Milburn's Motion To Dismiss Plaintiff's Complaint (Doc. No. 51).  Plaintiff filed an Amended Prisoner Complaint on August 20, 2004, alleging various constitutional violations pursuant to 42 U.S.C. § 1983.  This matter was referred to Magistrate Judge O. Edward Schlatter on September 2, 2004, and the Magistrate Judge issued a Recommendation For Partial Dismissal on September 21, 2005.  Thereafter, both Plaintiff and Defendant DeCesaro filed timely

objections to the Magistrate Judge's Recommendation.  The Court reviews the Recommendation *de novo*.[1]

Plaintiff's first claim alleges that Defendants Owens, Ortiz, Watkins and Bauer were deliberately indifferent to dangerous conditions at the Limon correctional Facility resulting from the loud noise created when inmates played dominoes, and that he was pushed down a flight of stairs by a group of inmates after he complained about the noise.  The second claim for relief is brought against Defendants LCF Medical Department Personnel for alleged failure to provide medical care in violation of the Eighth Amendment.  The third claim for relief is brought against Defendant DeCesaro for alleged violation of Plaintiff's First and Fourteenth Amendment rights based on DeCesaro's alleged failure to consider the merits of Plaintiff's grievance because Plaintiff did not receive a response at the second level of appeal.

The Magistrate Judge recommended that Defendant DeCesaro's motion be denied to the extent that Plaintiff is suing DeCesaro in his official capacity, because DeCesaro has not submitted sufficient information concerning his relationship with the governmental entity involved to determine Eleventh Amendment immunity.  However, the Magistrate Judge recommended that the motion be granted to the extent that Plaintiff is suing DeCesaro in his individual capacity.  In his objection to the Magistrate

---

[1] 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

Judge's Recommendation, DeCesaro appears to argue that the official capacity claim also should be dismissed based on qualified immunity.  However, qualified immunity is not a defense to official capacity claims.[2]  Defendant DeCesaro has articulated no other specific objection to the Recommendation, and the Court, upon careful review, agrees with the Magistrate Judge that Defendant DeCesaro's motion should be granted as to the third claim for relief against DeCesaro in his individual capacity but denied as to the third claim for relief against DeCesaro in his official capacity.

Plaintiff contends that Defendant Ortiz violated his Eighth Amendment rights because Ortiz knew of but disregarded the dangerously high noise levels created in Unit Six when inmates played dominoes.  Plaintiff asserts that Ortiz was aware of the alleged danger because Ortiz was served with Plaintiff's Complaint in Case No. 02-cv-531-ZLW-MEH, in which Plaintiff alleged that the noise levels rose "above the permissible ceiling to which hearing may occur, [and] also creates an atmosphere of hostility and psychological stress and injury . . . ."  However, Ortiz was not served with Plaintiff's Complaint in Case No. 02-cv-531-ZLW-MEH until September 8, 2003, over six months after Plaintiff was allegedly injured.  The Complaint therefore is properly dismissed as against Defendant Ortiz.

---

[2] See Hulen v. Yates, 322 F.3d 1229, 1236 n.2 (10th Cir. 2003).

3

The Court has carefully reviewed and concurs with the remainder of the conclusions set forth in the Magistrate Judge's Recommendation, to which no objections have been filed.  Accordingly, it is

ORDERED that Defendant DeCesaro's Motion For Summary Judgement Or In The Alternative Motion To Dismiss Complaint (Doc. No. 35) is granted in part and denied in part.  It is

FURTHER ORDERED that Defendant DeCesaro's Motion For Summary Judgement Or In The Alternative Motion To Dismiss Complaint is granted as to the third claim for relief against Defendant Decesaro in his individual capacity, and is denied as to the third claim for relief against Defendant Decesaro in his official capacity.  It is

FURTHER ORDERED that  the Motion To Dismiss Defendant Owens Pursuant To Fed. R. Civ. P. 12(b)(6) (Doc. No. 44) is granted, and the Amended Complaint and cause of action are dismissed with prejudice as against Defendant Owens.  It is

FURTHER ORDERED that Defendants Ortiz, Watkins, And Milburn's Motion To Dismiss Plaintiff's Complaint (Doc. No. 51) is granted in part and denied in part.  It is

FURTHER ORDERED that Defendants Ortiz, Watkins, And Milburn's Motion To Dismiss Plaintiff's Complaint is granted as to Defendant Ortiz, and the Amended Complaint and cause of action are dismissed with prejudice as against Defendant Ortiz.  It is

FURTHER ORDERED that Defendants Ortiz, Watkins, And Milburn's Motion To Dismiss Plaintiff's Complaint is granted as to the first claim for relief against Defendants

Watkins and Milburn in their official capacities, and is denied as to the first claim for relief against Defendants Watkins and Milburn in their individual capacities.  It is

FURTHER ORDERED that the Amended Complaint and cause of action are dismissed with prejudice as against Defendant Bauer in his official capacity, and without prejudice as to Defendant Bauer in his individual capacity for failure to prosecute based upon the Magistrate Judge's Order of October 5, 2005.  It is

FURTHER ORDERED that the second claim for relief is dismissed as against Defendants LCF Medical Department Personnel in their official capacities only.  It is

FURTHER ORDERED that Plaintiffs' claims for injunctive and declaratory relief are dismissed with prejudice.  It is

FURTHER ORDERED that the parties shall pay their own costs.  It is

FURTHER ORDERED that the action shall proceed on the first claim for relief against Defendants Watkins and Milburn in their individual capacities, on the second claim for relief against Defendants LCF Medical Department Personnel in their individual capacities, and on the third claim for relief against Defendant DeCesaro in his official capacity.  It is

FURTHER ORDERED that the caption shall be amended to reflect the dismissal of Defendants Owens, Ortiz, and Bauer.  It is

FURTHER ORDERED that the file shall be returned to Magistrate Judge Michael E. Hegarty for further recommendations, for resolution, or to prepare the case for trial.

DATED at Denver, Colorado, this  29  day of March, 2006.

BY THE COURT:

*[signature]*

ZITA L. WEINSHIENK,  Senior Judge
United States District Court