IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-00977-ZLW-MEH

RICHARD STANLEY ROOT,

    Plaintiff,

v.

GARY WATKINS, in his individual capacity only,
ALAN MILBURN, in his individual capacity only,
ANTHONY A. DeCESARO, in his official capacity only,
ANITA BLOOR, in her individual capacity only,
DEEANNE KAHLER, in her individual capacity only, and
JENNIFER ALLISON, in her individual capacity only,

    Defendants.

## ORDER DENYING REQUEST FOR PROTECTIVE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

    Before this Court is Defendants' Motion for Protective Order, filed on October 24, 2006 (Docket #139).  In the motion, Defendants Watkins, Milburn, Bloor, and Kahler are seeking to be relieved of their duty to respond to the Plaintiff's First Set of Interrogatories and Requests for Production of Documents which they received on or about September 18, 2006.  Defendants argue that the discovery cut-off period in this case was September 24, 2006, and therefore, the Plaintiff's discovery request was untimely.  The Court has authority to rule on this motion, despite the fact that a response from the Plaintiff has not been filed.  *See* D.C.Colo.LCivR 7.1(C).

    Rule 26(c) requires that "good cause" be shown for a protective order to be issued.  The burden is upon the movant to show the necessity of its issuance.  *General Dynamics Corp. v. Selb Manufacturing Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973).  In this instance, the Defendants have failed to sustain their burden.  First, there is no demonstration of harm that would be suffered by the

Defendants in having to respond to the discovery requests. Good cause requires a showing that the disclosure will work a clearly defined and serious injury. *Zenith Radio Corp. v. Matsushita Elec. Indus. Co.*, 529 F.Supp. 866 (E.D. Pa. 1981). While the Defendants have certain dispositive motions pending, no stay of discovery has been requested in connection with either motion. Second, the Court finds that Defendants waived their position when they did not, at any time prior to the deadline for responding to the Plaintiff's discovery requests, seek clarification from the Court on whether the "discovery cut-off" set in the Scheduling Order meant all discovery had to be completed or merely served by September 24, 2006, or seek a protective order. Finally, Rule 26(c) sets forth a clear and unambiguous duty to confer in good faith to resolve the issue before a protective order is sought. While the requirement under the Court's Local Rules to meet and confer prior to the filing of motions is generally more relaxed when prisoner litigants are involved, in this case, the belated relief sought by the Defendants deprives the Plaintiff of what appears to be his first and only attempt at discovery in this matter. While reaching the Plaintiff by telephone may not have been an option, because of his incarceration, timely attempts very well could have been made by mail.

Accordingly, Defendants' Motion for Protective Order [Filed 10/24/2006; Docket #139] is **denied.** Defendants shall have until and including November 6, 2006, in which to serve upon the Plaintiff their responses to the Plaintiff's First Set of Interrogatories and Requests for Production of Documents.

Dated at Denver, Colorado, this 26th day of October, 2006.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge