IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-00977-ZLW-MEH

RICHARD STANLEY ROOT,

      Plaintiff,

v.

GARY WATKINS, in his individual capacity,
ALAN MILBURN, in his individual capacity,
ANTHONY A. DeCESARO, in his official capacity, and
JENNIFER ALLISON,

      Defendants.

---

## RECOMMENDATION ON DEFENDANT DECESARO'S MOTION FOR SUMMARY JUDGMENT

---

Before the Court is Defendant DeCesaro's Motion for Summary Judgment [Docket #174]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO. L.Civ.R 72.1.C, this matters has been referred to this Court for recommendation [Docket #176]. For the reasons set forth below, the Court recommends that the District Court **grant** Defendant's Motion and **dismiss** Defendant DeCesaro from this action.

**I.  Background**

Plaintiff's Amended Complaint includes claims against Defendant DeCesaro in his official and individual capacities for violation of Plaintiff's First Amendment right to petition the government and Fourteenth Amendment rights to access the courts, due process of law, and equal protection. Defendant moved for dismissal, and Magistrate Judge Schlatter recommended that Plaintiff's claims against Defendant DeCesaro in his personal capacity be dismissed because of quasi-judicial immunity and because Plaintiff failed to state a claim upon which relief can by granted with respect to the claims

Plaintiff brought against Defendant DeCesaro. Nonetheless, Magistrate Judge Schlatter also determined that Defendant had not demonstrated his connection to the State for purposes of immunity from suit for official capacity claims because he stated only that he was an independent contractor and, therefore, recommended that the claims against DeCesaro in his official capacity remain. District Judge Weinshienk adopted this recommendation, and only claims against Defendant DeCesaro in his official capacity remain.

Plaintiff first objects to Defendant filing this motion after the deadline for dispositive motions. Although Defendant filed eight days after the deadline, the Court sees no prejudice to Plaintiff by ruling on this motion, particularly since the individual capacity claims, which would allow for damages, have already been dismissed.

## II. Discussion

### A. Legal Standard for Summary Judgment

A motion for summary judgment serves the purpose of testing whether a trial is required. *Heideman v. South Salt Lake City*, 348 F.3d 1182, 1185 (10th Cir. 2003). The Court shall grant summary judgment if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A fact is material if it might affect the outcome of the suit under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The non-moving party has the burden of showing that there are issues of material fact to be determined. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The moving party bears the initial responsibility of providing to the Court the factual basis for its motion and identifying the pleadings, depositions, answers to interrogatories, and admissions on

file, together with affidavits, if any, which reveal that there are no genuine issues as to any material facts, and that the party is entitled to summary judgment as a matter of law. *Id.* at 323; *Maldonado v. City of Altus*, 433 F.3d 1294, 1302 (10th Cir. 2006). If the movant properly supports a motion for summary judgment, the opposing party may not rest on the allegations contained in his complaint, but must respond with specific facts showing a genuine factual issue for trial. *Hysten v. Burlington Northern and Santa Fe Ry.*, 296 F.3d 1177, 1180 (10th Cir. 2002); Fed. R. Civ. P. 56(e). These specific facts may be shown "'by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves.'" *Pietrowski v. Town of Dibble*, 134 F.3d 1006, 1008 (10th Cir. 1998) (quoting *Celotex*, 477 U.S. at 324). "[T]he content of summary judgment evidence must be generally admissible and . . . if that evidence is presented in the form of an affidavit, the Rules of Civil Procedure specifically require a certain type of admissibility, *i.e.*, the evidence must be based on personal knowledge." *Bryant v. Farmers Ins. Exch.*, 432 F.3d 1114, 1122 (10th Cir. 2005). Finally, "[t]he court views the record and draws all favorable inferences in the light most favorable to the non-moving party." *Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. Pepsico, Inc.*, 431 F.3d 1241, 1256 (10th Cir. 2005).

### B.   Official-Capacity Claims

Defendant DeCesaro argues that, as the Step 3 Grievance Officer, he is an arm of the state, because his review is considered the last administrative action of the Colorado Department of Corrections, and Plaintiff does not disagree. Defendant further contends that he is, therefore, immune from suit under the Eleventh Amendment. In response, Plaintiff points out that he is also seeking declaratory relief against Defendant DeCesaro, which is not barred by the Eleventh Amendment.

Claims against a state official in his official capacity are essentially claims against the state

entity. *Ky. v. Graham*, 473 U.S. 159, 165 (1985) ("Official-capacity suits, in contrast, generally represent only another way of pleading an action against an entity of which an officer is an agent.") (citation and quotations omitted). Such claims are, therefore, treated as a lawsuit against the entity. Thus, an official-capacity lawsuit is appropriate where the claims could be sustained against the entity in its own name. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Plaintiff concedes that this precludes a claim for damages but points out that this does not bar suits for injunctive or prospective relief. *Powder River Bain Resource Council v. Babbit*, 54 F.3d 1477, 1483 (10th Cir. 1995).

Here, Plaintiff does not seek injunctive relief, but only a declaratory judgment against Defendant DeCesaro stating that Defendant violated Plaintiff's rights. Plaintiff's argument that his claims should proceed is flawed in this regard. Plaintiff does not seek prospective relief to prohibit Defendant DeCesaro from violating federal law in the future. Rather, Plaintiff seeks a declaration regarding past conduct, namely, that Defendant DeCesaro's conduct in the past violated federal law. Such relief falls squarely within the realm of Eleventh Amendment immunity as discussed in *Green v. Mansour*, 474 U.S. 64, 69 (1985) (holding that a declaratory judgment that a party violated federal law in the past is barred by the Eleventh Amendment). Because the relief Plaintiff seeks is barred by Eleventh Amendment immunity, this Court concludes that Defendant DeCesaro is entitled to judgment as a matter of law.

### III.    Conclusion

For the reasons stated above, the Court RECOMMENDS that Defendant DeCesaro's Motion for Summary Judgment [Filed May 22, 2007; Docket #174] be **granted**. Specifically, the Court finds that Plaintiff's claims for damages against DeCesaro in his official capacity are barred by Eleventh

Amendment Immunity, and Plaintiff's official-capacity claims against DeCesaro for declaratory judgment are insufficient as a matter of law. Under Fed. R. Civ. P 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.[1]

Dated at Denver, Colorado this 19th day of July, 2007.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

---

[1] The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy of this Recommendation may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).