IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita L. Weinshienk

Civil Action No. 04-cv-00977-ZLW-MEH

RICHARD STANLEY ROOT,

    Plaintiff,

v.

GARY WATKINS,
ALAN MILBURN,
ANTHONY A. DECESARO, and
JENNIFER ALLISON,

    Defendants.
_____

ORDER
_____

The matters before the Court are (1) Defendant DeCesaro's Motion For Summary Judgment (Doc. # 174), and (2) Defendants Watkins And Milburn's Motion For Summary Judgment (Doc. # 172). Pursuant to D.C.COLO.LCivR 72.1, these motions were referred to Magistrate Judge Michael E. Hegarty, who issued Recommendations on July 19, 2007 (Doc. # 192) and August 28, 2007 (Doc. # 194), recommending that the motions be granted. Plaintiff thereafter filed timely objections to the Magistrate Judge's Recommendations. The Court reviews *de novo* those portions of the Magistrate Judge's Recommendation to which Plaintiff has objected.[1]

---

[1] See Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C).

**A.     Defendant DeCesaro's Motion For Summary Judgment**

At the times relevant to this action, Plaintiff was an inmate at the Limon Correctional Facility (LCF).  Plaintiff asserts claims against Defendant Anthony A. DeCesaro pursuant to 42 U.S.C. § 1983, alleging that Defendant DeCesaro, a Step 3 Grievance Officer for the Colorado Department of Corrections, violated Plaintiff's First and Fourteenth Amendment rights by "refusing to process plaintiff's Grievances in accordance with Department of Corrections Administrative Regulations"[2] while Plaintiff was a prisoner at the LCF.  The only claims remaining against Defendant DeCesaro are official capacity claims.[3]  However, the Eleventh Amendment to the United States Constitution bars official capacity claims against a state actor such as Defendant DeCesaro, who, as an arm of the state, is not a "person" amenable to suit under 42 U.S.C. § 1983.[4]

In his objection, Plaintiff argues that his claims against Defendant DeCesaro are not barred by the Eleventh Amendment because Plaintiff is seeking prospective injunctive relief as against Defendant DeCesaro.  Under the Ex parte Young doctrine, the Eleventh Amendment does not bar suits for prospective injunctive relief to prevent ongoing constitutional violations against state officials named in their official

---

[2] Amended Complaint at 3/B.

[3] See March 29, 2006, Order (Doc. No. 92).

[4] See Will v. Michigan Dept. Of State Police, 491 U.S. 58, 70-71 (1989); Harris v. Champion, 51 F.3d 901, 905-06 (10th Cir. 1995).

capacities.[5]  However, Plaintiff's Amended Complaint nowhere indicates an intent to seek prospective injunctive relief against Defendant DeCesaro; rather, Plaintiff expressly seeks only a declaration that Defendant DeCesaro's past conduct violated Plaintiff's constitutional rights.[6]  Under the United States Supreme Court's decision in Green v. Mansour,[7] such claims for declaratory relief based on past conduct are barred by the Eleventh Amendment.

Although Plaintiff has counsel now, he was proceeding *pro se* at the time his pleading was filed, and thus his Amended Complaint must be construed liberally.[8]  However, even a liberal reading of the Amended Complaint cannot produce the interpretation that Plaintiff argues for here.  This is so because Plaintiff specifically divided the "Request For Relief" in his Amended Complaint into two distinct sections: (1) a section requesting that the Court "issue a declaratory judgment" that, among other things, Defendant Decesaro violated Plaintiff's constitutional rights by denying him access to the courts, and (2) a section requesting that the Court "issue an injunction ordering Defendant Ortiz or his Agents" to take certain future actions including arranging for a medical examination and evaluation of Plaintiff.[9]  Thus, Plaintiff

---

[5] Nelson v. Geringer, 295 F.3d 1082, 1095 (10th Cir. 2002) (citing Ex parte Young, 209 U.S. 123 (1908)).

[6] See Amended Complaint at 8.

[7] 474 U.S. 64, 69 (1985).

[8] See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

[9] Amended Complaint at 8-9.

3

expressly separated and distinguished his request for prospective injunctive relief against then-Defendant Ortiz from his request for a declaration that Defendant DeCesaro violated Plaintiff's rights in the past. It is apparent that Plaintiff knew how to assert a claim for prospective injunctive relief, and that he intended to do so against Defendant Ortiz but not against Defendant DeCesaro. Plaintiff argues that Green v. Mansour[10] does not apply here because no prospective injunctive relief in fact was available in Green, while in this case, according to Plaintiff's objection, Plaintiff is seeking such relief against DeCesaro. Again, the Court cannot construe the Amended Complaint as requesting such relief, even under the most liberal reading. Further, Plaintiff's attempt to apply Ninth Circuit case law which pre-dates the Supreme Court's decision in Green is unavailing.[11] The Court agrees with the Magistrate Judge that Defendant DeCesaro's Motion For Summary Judgment properly is granted based on Eleventh Amendment immunity.

**B.     Defendants Watkins and Milburn's Motion For Summary Judgment**

    **1.     Res Judicata**

Plaintiff's first claim for relief alleges in part that Defendant Gary Watkins, the Warden of the LCF, violated Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment because Defendant Watkins was informed of dangerous conditions including excessive noise levels at the prison resulting from inmates

---

[10] 474 U.S. 64.

[11] See Plaintiff's Objection at 5, citing Jackson v. Hayakawa, 682 F.2d 1344, 1350 (9th Cir. 1982).

slamming dominoes on the tables, but did not respond to plaintiff's complaints about those conditions. However, this claim was presented and dismissed in Plaintiff's previous case, Root v. Ortiz et al., Civ. Action No. 02-cv-0531-ZLW-MEH. When asked in his deposition how his complaints to Defendant Watkins in 2002 differ from his complaints to Watkins at issue in the present action, Plaintiff replied, "I don't know that it does differ at all. Probably the only reason that I wrote him is because it happened nearly a year [sic] and nobody had done anything about it. So I'm sure the complaints were probably identical, the same complaint I'd been making for a year."[12] Plaintiff then was asked, "[s]o as far as you know, the complaint is not different, it's the same that you raised in the other case?" and Plaintiff responded, "I believe it is."[13]

A claim is barred under the doctrine of res judicata where (1) there was a final judgment on the merits in the earlier action; (2) the parties are identical or in privity in both cases; (3) the cause of action is the same, and (4) the plaintiff had a full and fair opportunity to litigate the claim in the prior suit. Plaintiff now argues in his objection that his prior claim is "qualitatively, quantitatively and temporally distinct" from his current claim. However, this is not what Plaintiff testified in his deposition; he testified unequivocally and repeatedly that the claims were the same. Plaintiff, now represented by counsel, argues that he should not be held to his deposition testimony because he

---

[12] Defendants Watkins And Milburn's Motion For Summary Judgment (Doc. No. 172), Ex. A-1 at 44.

[13] Id.

5

was proceeding *pro se* at the time of his deposition and the questions had "significant legal consequences." However, there is no indication that Plaintiff did not understand the questions, and the Court is aware of no authority allowing a litigant to retract clear, sworn testimony simply because he later retains counsel. The elements of res judicata are met here, and summary judgment properly is granted in favor of Defendant Watkins on that basis.

### 2. Exhaustion of Administrative Remedies

Plaintiff's Step III grievance was denied for failure to exhaust administrative remedies based on the grievance officer's determination that Plaintiff had "fail[ed] to follow the grievance procedure" and because [t]he time constraints in AR #850-04 have been violated . . . ."[14] Plaintiff asserts that on March 17, 2003, he submitted his Step II grievance form to a unit officer on duty that day at the LCF. Defendants contend that Plaintiff never actually filed a Step II grievance. The pertinent Colorado Department of Corrections Administrative Regulation, AR 850-04, states that the offender shall receive a response to a filed Step II grievance within 25 days of receipt of the grievance by the "Administrative Head, appropriate Director, or Assistant Director of Correctional Services, Clinical Services, *or their designees*,"[15] and that if the offender does not receive a response within that time period, the offender may proceed to file a Step III grievance within five days of the date that he should have received the

---

[14] Id., Ex. A-4.

[15] Id., Ex. A-11 at 6 ¶ IV.C.2.c(2) (emphasis added).

6

response.[16]  Plaintiff asserts that he never received a response to his Step II grievance. Thus,

based on a March 17, 2003, filing date, Plaintiff was required to file a Step III grievance by April 16, 2003.  Plaintiff did not file his Step III grievance until May 3, 2003.

Plaintiff's response brief argues that Plaintiff did not and could not have known when the Administrative Head or a designee actually received his Step II grievance form, and thus when the 25-day period started running, since he gave his Step II grievance form to a unit officer.  However, AR 850-04 requires that the Step II grievance form be filed with the prisoner's "case manager, or other staff member designated by the Administrative Head."[17]  Plaintiff has presented no evidence that the unit officer to whom he allegedly submitted his Step II grievance was either his "case manager, or other staff member designated by the Administrative Head" to receive grievances.  Had Plaintiff given the form to a case manager or other designated staff member as required by the regulation, then Plaintiff would have known that the 25-day period began running that day, since he would have given the grievance to a "designee" pursuant to AR 850-04 ¶ IV.C.2.c(1) and (2).  Plaintiff's own failure to follow

---

[16] Id., Ex. A-11 at 4 ¶ IV.B.1.o.

[17] Id., Ex. A-11, at 6 ¶ IV.C.2.c(1).  The Court disagrees with Plaintiff's characterization of the deposition testimony of Anthony DeCesaro concerning the transmittal of grievance forms.  In the deposition pages Plaintiff cites, Mr. DeCesaro did not, in fact, testify that a grievance form first goes to a unit officer, then to a case manager, then to an administrative assistant for docketing, and only thereafter to the Administrative Head.  Rather, he testified that if the inmate gives the form to a case manager, the form is then given to a data entry person for assignment of a case number, and the Administrative Head then directs who should respond to the grievance.  See Response In Opposition To Defendant Milburns' And Watkins' Motion For Summary Judgment (Doc. No. 179), Ex. 11 at 33.

7

the required regulatory procedure is the source of his alleged lack of information concerning a receipt date.

Further, and importantly, the argument that Plaintiff did not and could not have known when the Step II grievance was received, and thus when the 25-day period started running, is contradicted by Plaintiff's own deposition testimony. Plaintiff in fact testified that he believed that the 25-day period began to run on the date that he submitted his grievance form to the unit officer, March 17, 2003.[18] Plaintiff went on to testify that he nonetheless believed that if he received no response he could file a Step III grievance up to two months later, since the process is "backed up."[19] This assertion finds no support in AR 850-04.

The Court agrees with the Magistrate Judge that Plaintiff's failure to follow the procedural rules including his untimely filing of his Step III grievance constituted a failure to exhaust administrative remedies, and that summary judgment in favor of Defendant Watkins and Defendant Alan Milburn, a Sergeant at the LCF, properly is granted on that basis.

**C.      Service on Defendant Allison**

On May 31, 2006, Magistrate Judge Hegarty issued an Order directing service of process on Defendant Jennifer Allison, an employee of the Colorado Department of Corrections, LCF Medical Department. Ms. Allison, who was added as a Defendant in

---

[18] Id., Ex. A-1, at 99:5-7.

[19] Id., Ex. A-1, at 99:8-13.

8

this action in 2006, was never served, and apparently has not worked for the Colorado Department of Corrections for some time. It appears that Ms. Allison would nonetheless be subject to dismissal from this action for the same reasons that former Defendants Anita Bloor and Deanne Kahler were subject to dismissal.[20] Therefore, Plaintiff shall show cause as to why Ms. Allison should not be dismissed from this action with prejudice, as set forth below.

For the foregoing reasons, it is

ORDERED that Plaintiff Richard Stanley Root's Objections To Recommendations Of United States Magistrate Judge (Doc. No. 193), which object to the Magistrate Judge's Recommendation on Defendant DeCesaro's motion for summary judgment, are overruled. It is

FURTHER ORDERED that Plaintiff Richard Stanley Root's Objections To Recommendations Of United States Magistrate Judge (Doc. No. 195), which object to the Magistrate Judge's Recommendation on Defendants Watkins and Milburn's motion for summary judgment, are overruled. It is

FURTHER ORDERED that Defendant DeCesaro's Motion For Summary Judgment (Doc. No. 174) is granted. It is

FURTHER ORDERED that Defendants Watkins And Milburn's Motion For Summary Judgment (Doc. No. 172) is granted. It is

---

[20] See Doc. Nos. 124, 131, 156.

FURTHER ORDERED that the Amended Complaint and cause of action are dismissed with prejudice against Defendant Anthony A. DeCesaro based on Eleventh Amendment immunity. It is

FURTHER ORDERED that the Amended Complaint and cause of action are dismissed with prejudice against Defendant Gary Watkins based on *res judiciata*. It is

FURTHER ORDERED that the Amended Complaint and cause of action are dismissed without prejudice against Defendant Alan Milburn for failure to exhaust administrative remedies. It is

FURTHER ORDERED that Plaintiff shall show cause in writing on or before March 31, 2008, why Defendant Jennifer Allison should not be dismissed from this action with prejudice.

DATED at Denver, Colorado, this  19th  day of March, 2008.

BY THE COURT:

*s/ Zita L. Weinshienk*

_____

ZITA L. WEINSHIENK, Senior Judge
United States District Court